LAS VEGAS AUTO LEASING, INC., APPELLANT, *v.* RAYMOND DAVIS AND JAMES E. DAVIS, DBA DESERT AUTO WRECKING, RESPONDENTS.

No. 12409

April 28, 1982                           643 P.2d 1217

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19(1)(c), SCR 10.

*Reid & Alverson,* Las Vegas, for Appellant.

*Stanley W. Pierce,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant and respondents entered into a written contract in which appellant purported to "lease" a motorcoach vehicle to respondents. Appellant repossessed the vehicle following respondents' default on the payments required by the agreement. Pursuant to the terms of the contract, appellant sold the vehicle for the wholesale price, leaving a deficiency equal to the difference between the sale price and respondents' maximum liability as stated in the contract. Appellant brought suit in district court seeking a deficiency judgment. The district court dismissed the suit pursuant to NRCP 41(b) on the ground that the appellant failed to provide the notice required by NRS 482.516.[1] NRS 482.516 requires specific notice before a vehicle repossessed pursuant to a security agreement may be sold.

---

[1]NRS 482.516 provides, in pertinent part, as follows:

    1. Any provision in any security agreement for the sale of a vehicle to the contrary notwithstanding, at least 10 days' written notice of intent to sell a repossessed vehicle must be given to all persons liable on the security agreement. The notice shall be given in person or shall be sent by mail directed to the address of the persons shown on the security agreement, unless such persons have notified the holder in writing of a different address.

    . . .

    3. During the period provided under the notice, the person or persons liable on the security agreement may pay in full the indebtedness evidenced by the security agreement. Such persons shall be liable for any deficiency after sale of the repossessed vehicle only if the notice prescribed by this section is given within 60 days of repossession. . . .

The sole issue raised on appeal is whether the district court erred in finding the purported "lease" to be a security agreement such that the provisions of NRS 482.516 are applicable.

Whether the contract is a security agreement or a lease is determined by the intention of the parties as indicated by the facts of the case. U C Leasing, Inc. v. Laughlin, 96 Nev. 157, 606 P.2d 167 (1980). Appellant contends that the lack of an option or other right to purchase the vehicle demonstrates that the agreement is not intended as an instrument for security. We disagree. While the agreement expressly provides that there is no right to purchase, its effect is to require respondents to purchase the vehicle for a sum stated in the contract. According to the terms of the purported "lease," a portion of each monthly payment is designated sales tax and another portion is credited towards the stated original value of the vehicle. The difference between the credited sums and the original value is specified as lessee's maximum liability. Upon expiration or termination of the "lease," the agreement requires that the lessor shall sell the vehicle for the best wholesale price, and the lessee remains liable for the difference between the sale price and the stated maximum liability.

There are other terms of the purported "lease" which indicate that a security agreement was intended by the parties. According to the agreement, the lessee bears the risk of loss, theft or damage and such loss does not relieve him of his payment obligation. The lessee is required to insure against such loss, theft or damage and to indemnify the lessor for any liability. Furthermore, the lessee is required to pay all charges, fees and taxes associated with the use or ownership of the vehicle and appellant disclaims all warranties. See U C Leasing, Inc., supra. Accordingly, we hold the district court did not err in finding the contract to be intended as a security agreement. The judgment of the district court is affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[2] concur.

---

[2]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19 (1)(c), SCR 10.